**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth J. SCHULTE, Defendant–
Appellant.**

No. 02–3243.

United States Court of Appeals,
Sixth Circuit.

April 1, 2003.

Before BOGGS and SILER, Circuit Judges; and STEEH, District Judge.*

### ORDER

Kenneth J. Schulte appeals a restitution order that was imposed after he was convicted of aiding and abetting mail fraud, wire fraud, and securities fraud. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1997, Schulte was sentenced to fifty-one months of imprisonment and two years of supervised release. He was also ordered to pay over seven million dollars in restitution, under the Mandatory Victims Restitution Act of 1996. Schulte's convictions were affirmed on direct appeal, but the case was remanded for further consideration of his request for a downward departure from the applicable sentencing guideline range.

In 2000, the district court issued an amended judgment and sentenced Schulte to thirty months of imprisonment. The original judgment was unchanged with regard to his supervised release and restitution. Schulte's reduced sentence of imprisonment and term of supervised release were subsequently affirmed. However, the restitution order was vacated and the case was remanded again, so that the amount of restitution could be reassessed under the Victim and Witness Protection Act of 1982, 18 U.S.C. §§ 3663–3664.

On February 14, 2002, the district court issued an amended order, which reduced the amount of restitution to $3,620,879.65. It is from this order that Schulte now appeals.

Schulte's attorney has filed a motion to withdraw with a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, counsel suggests that Schulte may wish to argue that the court abused its discretion by issuing its current restitution order. Schulte did not file a timely response to counsel's motion, and an independent

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

review of the record reveals no issue that would support a direct appeal in this case.

Our court has already affirmed Schulte's convictions and reduced sentence of imprisonment. Thus, appellate review is limited to the district court's amended restitution order. The court was required to "consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a) (1995). However, it was not required to make specific findings regarding Schulte's financial condition, and Schulte had the burden of showing that he cannot afford to pay restitution. *See United States v. Jackson–Randolph*, 282 F.3d 369, 386 (6th Cir. 2002).

The district court found that the victims had lost $7,241,759.30. The court acknowledged Schulte's resources and the financial needs of his family. However, it noted that he had earned over $100,000.00 per year, and opined that his youth, education and experience gave him the potential to secure another high-paying job. Even so, the court reduced the amount of restitution to only half of the victims' total loss. In light of this analysis, we conclude that the district court did not abuse its discretion. *See id.* at 386–87; *United States v. Hart*, 70 F.3d 854, 862–63 (6th Cir.1995).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.